Levesque v. United States        CV-95-560-M    06/03/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Jonathan Levesque,
    Plaintiff,

    v.                                          Civil No. 95-560-M

United States of America,
    Defendant.


O R D E R


Plaintiff, Jonathan Levesque, brings this civil rights action against defendant, the United States, seeking to remedy an alleged violation of the privilege against compelled self incrimination guaranteed him by the Fifth Amendment. Levesque is presently proceeding pro se and in forma pauperis and now moves the court to appoint him counsel pursuant to 28 U.S.C. § 1915(d). For the reasons discussed below, Levesque's motion is denied.


I.    BACKGROUND

On December 10, 1994, the Drug Enforcement Agency ("DEA") seized for forfeiture $11,395.88 in United States currency purportedly owned by Levesque because it was allegedly used in or acquired as a result of a drug-related criminal offense for which Levesque was arrested and charged. See 21 U.S.C. § 881(a)(6).

Levesque did not exercise his right to contest the forfeiture either administratively or in court within the time period allowed. As a result, Levesque's property was forfeited. Levesque has since pled guilty to one count of conspiracy to distribute marijuana, 21 U.S.C. § 846, and is awaiting sentencing. He has no other criminal charges pending.

Levesque claims that he was exercising his privilege against compelled self incrimination when he declined to contest the forfeiture of his property. In order to contest forfeiture, he says, he would have been compelled to make self-incriminating statements. The specter of self incrimination now removed by his plea bargain in the related criminal case, Levesque brings this civil rights action against the government in order to remedy the alleged infringement of his Fifth Amendment rights. Proceeding pro se and in forma pauperis, he requests the court to appoint counsel for him pursuant to 28 U.S.C. § 1915(d).

## II. DISCUSSION

The federal statute governing proceedings in forma pauperis, 28 U.S.C. § 1915(d), provides that, with respect to civil litigants, "[t]he court may request an attorney to represent any such person [who is otherwise] unable to employ counsel." Id.

2

There is no absolute constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Therefore, the decision whether to appoint counsel lies within the discretion of the trial court. Feliciano v. Dubois, 846 F. Supp. 1033, 1040 (D. Mass. 1994).

The First Circuit has provided guidance for district courts to follow when exercising that discretion. See id. The court should appoint counsel if the moving party can demonstrate "exceptional circumstances." Id.; DesRosiers, 949 F.2d at 24. "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24. Here, all of these factors militate against appointing counsel for Levesque.

The merits of Levesque's claim are weak. Certainly, Levesque could have asserted his privilege against compelled self incrimination if he had contested forfeiture. United States v. $250,000 in U.S. Currency, 808 F.2d 895, 901 (1st Cir. 1987). This does not mean, however, that the forfeiture would have been barred because of the possibility that Levesque would be

3

disadvantaged by remaining silent.  Id.  Rather, when a claimant shows that forfeiture would genuinely prejudice his Fifth Amendment rights, the court presiding over the forfeiture may, through the exercise of its discretion, seek alternative means of accommodating both the claimant's rights and the government's interest in the forfeiture.  Id.  Here, Levesque did not raise his Fifth Amendment concerns at the time of forfeiture.  And, since "[a] blanket assertion of the privilege is no defense to [a] forfeiture proceeding," id., Levesque is unlikely to prevail in this collateral attack.

In addition, Levesque has, thus far, shown he is capable of representing himself.  He has displayed relative familiarity with the legal process, drafted intelligible pleadings, and provided citations to support his relatively straightforward legal theories.  See DesRosiers, 949 F.2d at 24.  Finally, the court notes that this case has not yet been scheduled for trial.  During the pretrial stages, as in a bench trial, the "court is . . . able to ensure that self-representation does not become an unendurable burden."  Id.  Therefore, at least through the pre-trial stages of this case, the court will exercise its discretion not to appoint counsel to represent Levesque.  If the case does,

in fact, proceed to trial, the court will entertain a renewed request by plaintiff for appointed counsel.

## III. CONCLUSION

Because the merits of Levesque's case are not strong and he is capable of presenting the straightforward legal issues involved, Levesque's motion for appointed counsel (document no. 5) is denied.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

June 3, 1996

cc:  Jonathan Levesque